IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| United States of America | ) | Case No.: 4:22-CR-00671-JD-1 |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| KEITH ALLEN LEEK, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court on Defendant Keith Allen Leek's ("Defendant" or "Leek") Motion for a Franks Hearing (DE 40) and Motion to Suppress (DE 41).[1] See Franks v. Delaware, 438 U.S. 154 (1978). This Court held an evidentiary hearing on April 19, 2023, to consider Leek's Motion to Suppress. For the reasons stated below, Defendant's motions are denied.

## FACTUAL BACKGROUND

In early 2022, Leek was living with a roommate in a home located at 4933 East National Cemetery Road in Florence, South Carolina (Leek's Residence"). Leek's roommate owned an Aero Precision, Model M4E1, multi-caliber rifle, which he kept with firearm accessories in a rifle bag in his bedroom. Leek had access to his roommate's bedroom and the rifle. On January 6, 2022, Leek took his roommate to work, and, when the roommate returned to the house, he discovered his rifle and rifle bag were missing. Leek's roommate did not immediately report the missing firearm to the police.

Shortly thereafter, the roommate moved out of the house. On February 1, 2022, Florence County Sheriff's Office ("FCSO") applied for a search warrant for Leek's Residence on East

---

[1] This Court previously denied Leek's Motion for a Franks hearing by text order (DE 54) and indicated that a written order would follow.

1

National Cemetery Road; the affiant on the search warrant was FCSO Investigator Brad McDowell ("McDowell"). The warrant affidavit stated that:

> Within the past seventy two hours a confidential informant has been to [4933 East National Cemetery Road] and has seen a large scale tattooing operation, the operation is in violation of South Carolina State law as in being operated out of a private residence. The operator of the equipment, a Keith Leek . . . .

In presenting the warrant package to the Florence County Magistrate, McDowell testified at the suppression hearing that he believed the confidential informant ("CI") was reliable and credible because he used the CI on other matters (albeit mainly drug offenses), and the information led to arrests. McDowell testified that he stated the same to the county Magistrate under oath, although this information was not documented in the Magistrate's file. The Magistrate issued the warrant authorizing FCSO to search Leek's Residence to find tattooing equipment and the body of Keith Leek.

The same day, FCSO executed the search warrant at the house, and they found Leek inside the house. Law enforcement placed Leek under arrest because he had an outstanding warrant due to a probation violation.[2] FCSO moved Leek outside while they searched the house. In the house, FCSO found tattooing machines, ink, stencils, and a tattooing chair. In the far left bedroom of the house, law enforcement located men's clothing and Leek's wallet, as well as a bag of suspected methamphetamine and an AR-15 magazine. Law enforcement also searched an air conditioning vent and located Leek's former roommate's rifle bag, an AR-15 rifle, and accessories.

At the time of the search warrant, Leek was a convicted felon who could not legally possess a firearm or ammunition. In addition, an interstate nexus examiner with the Bureau of Alcohol, Tobacco, Firearms and Explosives concluded the rifle and ammunition met the definitions under

---

[2]     McDowell also testified that a probation officer was present during the execution of the FCSO warrant.

federal law and had traveled in interstate commerce. (DE 42, p. 3.) On July 26, 2022, a federal grand jury sitting in the District of South Carolina returned an indictment charging Leek with being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), 924(e). (DE 4.)

On March 22, 2023, Leek filed a motion for a Franks hearing. (DE 40.) In his motion, Leek argues McDowell omitted from the search warrant affidavit information regarding the reliability of the confidential informant and that the affidavit does not support a finding of probable cause. Id. Therefore, Leek claims he is entitled to a Franks hearing. Leek also filed a motion to suppress. (DE 41.) Leek argues that the evidence recovered during the search of 4933 East National Cemetery should be suppressed because the search warrant was not supported by probable cause, the good faith exception does not apply, and the search exceeded the scope authorized by the warrant. Id.

## DISCUSSION

**1.      Motion for a Franks Hearing**

Leek requests an evidentiary hearing pursuant to Franks because he alleges the affidavit omitted information necessary for a probable cause determination. "'A Franks hearing provides a criminal defendant with a narrow way to attack the validity' of a search-warrant affidavit." United States v. Haas, 986 F.3d 467, 474 (4th Cir. 2021) (citation omitted). To be entitled to a Franks hearing, the defendant "must make *a substantial preliminary showing* that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit." Franks, 438 U.S. at 155-56 (emphasis added). "When a defendant relies on an omission, this heavy burden is even harder to meet. In that situation, a defendant must provide a substantial preliminary showing that (1) law enforcement made an omission; (2) law

enforcement made the omission 'knowingly and intentionally, or with reckless disregard for the truth,' and (3) the inclusion of the omitted evidence in the affidavit would have defeated its probable cause." Haas, 986 F.3d at 474 (internal citation omitted). Defendant contends, "the affidavit was the only information presented to the magistrate," and "[t]he magistrate issued a search warrant on that same date authorizing the search of the premises for tattooing equipment and the body of Defendant." Thereafter, "[t]he firearm found in the residence is the only evidence supporting the firearm charge." (DE 40, pp. 1-2.)

First, Leek fails to make a substantial preliminary showing that there is a material omission in the affidavit. Leek asserts that because the affidavit lacks information regarding the reliability of the confidential informant, the warrant lacks probable cause; however, this omission standing *alone* is insufficient to show "the affidavit was the only information presented to the magistrate[.]" See United States v. Clyburn, 24 F. 3d 613, 617 (4th Cir. 1994) ("The Fourth Amendment does not require that the basis for probable cause be established in a written affidavit; it merely requires that the information provided the issuing magistrate be supported by 'Oath or affirmation.'"). Accordingly, Leek has not made a substantial preliminary showing that law enforcement made a material omission.

Equally, as identified in Haas, since Leek is alleging an omission, not only must Leek make a substantial preliminary showing that "law enforcement made the omission 'knowingly and intentionally, or with reckless disregard for the truth,'" Leek must also show "the inclusion of the omitted evidence in the affidavit would have defeated its probable cause." Haas, 986 F.3d at 474 (citation omitted). While Leek has demonstrated an omission on the face of the affidavit (albeit not material), Leek does not offer any evidence that McDowell failed to address this issue or that he had the propensity to do the same when he sought the warrant before the Magistrate. In fact,

4

the motion is silent regarding any information about the CI's reliability except a conclusory statement that the omission of the same was intentional. (DE 40, p. 3.) Therefore, Leek's allegation regarding the CI's reliability or credibility does not satisfy his burden to make a substantial preliminary showing of a false statement knowingly and intentionally, or with reckless disregard for the truth was included in the affidavit. Further, without any information to suggest otherwise, a statement from McDowell under oath to the Magistrate about the CI's reliability and credibility would not defeat probable case. Instead, it would satisfy it. Since Leek has not met the Franks factors, his motion for a Franks hearing is denied.

**2.     Motion to Suppress**

As to Leek's motion to suppress, Leek asks this Court to suppress the firearm recovered during the search because 1) the search exceeded the scope of the warrant (i.e., tattooing equipment), and 2) the affidavit submitted to the Magistrate does not provide information regarding the reliability or veracity of the CI, "thus the bare bones affidavit was insufficient to support probable cause." (DE 41, pp. 2-4); see United States v. Jenkins, 666 F. App'x 321, 324 (4th Cir. 2016) (An affidavit is 'bare bones' when an affiant merely recites the conclusions of others without corroboration or independent investigation of the facts alleged.). The Government opposes the suppression of this evidence because, among other reasons, it contends McDowell provided a written affidavit and oral statements to the Magistrate regarding the CI's reliability, and thus the warrant was supported by probable cause. (DE 42, pp. 8-9.) McDowell testified at the suppression hearing that he believed the confidential informant ("CI") was reliable and credible because he used the CI on other law enforcement matters, and the information led to arrests. McDowell testified that he provided this information to the Magistrate under oath prior to obtaining the search warrant.

5

Leek subpoenaed the Honorable Peter Baker, Florence County Magistrate, who issued the search warrant to provide testimony regarding any oral statements provided to him under oath about the CI's reliability. Magistrate Baker did not attend the hearing, and neither party sought to compel his attendance; however, he provided an affidavit that Leek introduced into evidence without objection from the Government. The affidavit states he "has no recollection of any oral testimony regarding probable cause for the search warrant," and that he "can only rely on the information in the affidavit to the search warrant regarding any testimony." (Def Ex. 1.) Accordingly, the Court can only evaluate the affidavit to the search warrant, excluding any testimony regarding oral statements made to the Magistrate, to determine whether probable cause was established in the issuance of the warrant.

"The Fourth Amendment to the United States Constitution, which protects individuals from 'unreasonable searches,' provides, that 'no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.'" Jenkins, 666 F. App'x at 323. "The Warrant Clause of the Fourth Amendment requires that warrants (1) be issued by a neutral and detached magistrate, (2) contain a 'particular[] description of the place to be searched, and the persons or things to be seized,' and (3) be based 'upon probable cause, supported by Oath or affirmation.'" Clyburn, 24 F.3d at 617. In the case at bar, the affidavit attached to the search warrant merely states, "within the past seventy two hours a confidential informant has been to the aforementioned [address where search was conducted] and has seen a large scale tattooing operation . . . ." (Gov. Ex. 1.) However, the affidavit does not contain any information regarding whether the CI was reliable or credible, or how this determination was made. Moreover, the affidavit does not indicate whether McDowell corroborated any information provided by the CI. "With no other information about the

6

informant's reliability, the lack of corroboration and meaningful indications of the informant's reliability doomed the warrant." United States v. Gondres-Medrano, 3 F.4th 708, 718 (4th Cir. 2021).  Accordingly, the search warrant is insufficient to support probable cause, and therefore, it is invalid.

Nevertheless, the Government contends, "[e]ven assuming the search warrant was not supported by probable cause, FCSO reasonably relied upon the warrant and their actions were thus protected by the good faith exception." (Id. at 9.)  The Court agrees.  "Under the good faith exception to the warrant requirement, evidence obtained from an invalidated search warrant will be suppressed only if 'the officers were dishonest or reckless in preparing their affidavit or could not have harbored an objectively reasonable belief in the existence of probable cause.'" United States v. Lalor, 996 F.2d 1578, 1583 (4th Cir. 1993) (quoting United States v. Leon, 468 U.S. 897, 926, (1984)).  The evidence here shows McDowell was not dishonest or reckless in his preparation of the affidavit to support probable cause.  Moreover, McDowell's testimony does not support, let alone prove, that he did not have an objectively reasonable belief that probable cause existed that Leek was illegally operating a large-scale tattooing operation.  Accordingly, the evidence seized from the invalid search warrant will not be suppressed.

As to the scope of the warrant, the Search Warrant's Description of Property states "TATTOOING EQUIPMENT, AND THE BODY OF KEITH LEEK, DATE OF BIRTH . . . WHITE MALE SOCIAL SECURITY NUMBER . . . ." (Gov. Ex. 1.)  The Government seized two tattooing machines.  In addition, the Government also seized an AR-15 rifle, a rifle bag, three AR-15 magazines and thirty .223 bullets among other things, which were not items listed in the search warrant.  The Fourth Amendment requires that items to be seized pursuant to a warrant must be "particularly describ[ed]" in that warrant.  U.S. Const. Amend. IV.  Generally, "the seizure

of items not described in the warrant violates the Fourth Amendment—and the items should be suppressed—unless an exception to the warrant requirement applies." United States v. Legg, 18 F.3d 240, 242 (4th Cir. 1994) (citing Horton v. California, 496 U.S. 128, 133–34 (1990)). Courts have specifically established only a few, well-delineated exceptions to the search warrant requirement, including the "plain view doctrine," which is applicable in the current case. See id. (plain-view exception to the warrant requirement).[3] In order to justify a warrantless seizure under the plain view exception, three conditions must be satisfied: (1) "that the seizing officer be lawfully present at the place from which the evidence can be plainly viewed," (2) "the officer must have a lawful right of access to the object itself", and (3) "the object's incriminating character must ... be immediately apparent." Id. (internal quotations and citations omitted).

As to the first element, the Court has already determined that the good faith exception apples here and, although the warrant of Leek's residence is invalid, "because the deputies possessed an *objectively reasonable belief that the warrant was valid*, they were lawfully present in [Defendant's] apartment during the execution of the warrant." Id. at 244 (emphasis added). Although, as previously discussed regarding the specifics of this case, any oral testimony to the Magistrate cannot be considered in determining whether there was sufficient probable cause to issue the warrant, "it is proper to consider any contemporaneous oral statements to the magistrate in conjunction with the supporting affidavit *in assessing the reasonableness of an officer's reliance on a warrant.*" Id. At the hearing, McDowell testified to his knowledge and oral testimony he

---

[3] Other examples of well-established exceptions to the warrant requirement include, but are not limited to, the exigent circumstances exception, Mincey v. Arizona, 437 U.S. 385, 394, (1978), the search incident to arrest exception, United States v. Robinson, 414 U.S. 218, 224 (1973), the automobile exception, Maryland v. Dyson, 527 U.S. 465, 466, (1999), the stop and frisk exception, Terry v. Ohio, 392 U.S. 1 (1968), and the consent exception, Fla. v. Jimeno, 500 U.S. 248, 250–51 (1991).

gave to the Magistrate regarding the CI's reliability and corroborating evidence. Accordingly, McDowell's reliance on the now invalidated warrant was objectively reasonable, and therefore, officers were lawfully present in Leek's trailer during the execution of the warrant. See id. (finding the first prong of the plain view doctrine, lawful presence, satisfied by applying the good faith exception).

As to the second element of the plain view exception, officers had a "lawful right of access" to the gun found inside the filter vent based on their objectively reasonable reliance on the warrant. Legg, 18 F.3d at 242. The warrant authorized law enforcement to search Leek's Residence for, *inter alia*, "tattooing equipment." (Gov. Ex. 1.) Such equipment or indicia of tattooing could include ink, needles, stencils, business records, notebooks, and cash, any one of which could have been hidden in the air conditioning filter vent where the firearm was in plain view. See Maryland v. Garrison, 480 U.S. 79, 84, (1987) (quoting United States v. Ross, 456 U.S. 798, 824 (1982)) ("[T]he scope of a lawful search is 'defined by the object of the search and the places in which there is probable cause to believe that it may be found.'"). Finally, as to the third element, the gun's "incriminating character" was "immediately apparent," Legg, 18 F.3d at 242, based on McDowell's testimony that Leek's probation officer, with knowledge of his prior criminal record, was also present for Leek's arrest for probation violations. See United States v. Wells, 98 F.3d 808, 810 (4th Cir. 1996) (finding that although the agent who actually seized the weapon had no personal knowledge that the Defendant was a convicted felon, "it is sufficient that the agents collectively had probable cause to believe the weapon was evidence of a crime at the time of the seizure"). Accordingly, all of the elements of the "plain view" exception to the warrant requirement are satisfied, and the seizure of the firearm, an item not listed on the warrant, was lawfully seized. See Legg, 18 F.3d at 242 ("the seizure of items not described in the warrant

violates the Fourth Amendment—and the items should be suppressed—unless an exception to the warrant requirement applies.")  Therefore, Leek's Motion to Suppress (DE 41) is denied.

## Conclusion

For the foregoing reasons, Defendant Keith Allen Leek's Motion for a Franks Hearing (DE 40) and Motion to Suppress (DE 41) are **DENIED**.

**IT IS SO ORDERED.**

Florence, South Carolina
May 8, 2023

Joseph Dawson, III
United States District Judge